UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-229-1FL

UNITED STATES OF AMERICA

v.

BRANDAN LAMONT RUFFIN

JUDGMENT

This matter comes before the Court on the defendant's notice of consent to waive his revocation hearing and motion for sentence to six months.[1] Upon agreement, the parties seek a sentence of six months in this matter. Upon review by the Court, the waiver is ALLOWED and it is the JUDGMENT of this Court that defendant Brandan Lamont Ruffin shall be sentenced to a period of six months in the custody of the Bureau of Prisons or its authorized representative.

Rule 32.1 of the Federal Rules of Criminal Procedure allows a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits to the violations outlined in the motion for revocation. In his motion, Mr. Ruffin admits to the violations –criminal conduct and failure to follow the instructions of the probation officer. Mr. Ruffin further requests that his hearing is waived and that his matter be adjudicated on the pleadings. As the Court is satisfied that Mr. Ruffin has met the requirements of Rule 32.1, the waiver is accepted.[2]

---

[1] Also before the Court is a petition to revoke defendant Brandan Lamont Ruffin's term of supervised release. DE-44.

[2] A knowing and voluntary waiver of the right to a full revocation hearing may be inferred from the totality of the circumstances and without a formal colloquy with the defendant. *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005) (discussing the totality of circumstances found in the record); *United States v. Stehl*, 665 F.2d 58, 59-60 (4th Cir. 1981) (discussing the application of Fed. R. Crim. P 11 to revocation proceedings)).

Mr. Ruffin was sentenced to 26 months imprisonment and a 36-month term of supervised release for a violation of 18 U.S.C. § 875(c). His term of supervised release began on June 14, 2019 and would have expired on or about June 14, 2022. The primary focus in fashioning a supervised release revocation sentence is on the breach of trust. *United States Sentencing Guidelines* Ch. 7, Pt. A(3)(b). However, the sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of court-ordered supervision." *United States v. Crudup*, 461 F.3d 433, 438; *see also United States Sentencing Guidelines* Ch. 7, Pt. A(3)(b). The allegations presented in the petition for revocation are grade C violations. In consideration of Mr. Ruffin's criminal history category of III, Chapter 7 of the *Sentencing Guidelines* recommends a guidelines range of 5-11 months. Mr. Ruffin is not currently in custody and remains in the community on conditions of release. DE 51. The parties agree that a sentence of six months, slightly above the bottom of the guidelines range, is an appropriate sentence. The Court adopts this recommendation.

WHEREFORE, the Court finds that Brandan Lamont Ruffin has violated the terms and conditions of the judgement as follows:

1. Criminal conduct.
2. Failure to follow the instructions of the probation officer.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the supervised release term is revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of six months.

The defendant, Brandan Lamont Ruffin, is hereby ORDERED to surrender to the U.S. Marshal not later than 15 days of this Order. [3]

---

[3] In his motion, Mr. Ruffin acknowledged that failing to do so could result in being cited for Contempt of Court and, if convicted of Contempt, further punishment by imprisonment, fine, or both in addition to the sentence already imposed in this matter.

IT IS FURTHER ORDERED that as a condition of the defendant's release, the defendant shall continue to report to the Probation Office in the manner and at such times as directed.

IT IS FURTHER ORDERED that the Clerk provide the U.S. Marshal a copy of this Judgment and same shall serve as the commitment herein.

SO ORDERED.

This 7th day of October, 2020.

_____  
LOUISE W. FLANAGAN  
United States District Judge